IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 DEC 19 AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 19 1997

| | |
|---|---|
| LINDA B. WALDROP, ET AL., | } |
| Plaintiffs | } |
| vs. | } CIVIL ACTION NO. |
| | } 97-AR-1565-S |
| DAVID H. KOPLON, ET AL., | } |
| Defendants | } |

**MEMORANDUM OPINION**

The court here reconsiders the question of its own jurisdiction in the above-entitled case, which it earlier refused to remand and unsuccessfully certified pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal to the Eleventh Circuit on the removability issue.

Defendants removed the case based on an allegation by defendant, Guardian Life Insurance Company ("Guardian"), of ERISA preemption. The only other defendant, David H. Koplon ("Koplon"), joined in the removal in order to provide the necessary unanimity among defendants. He had already filed a motion to dismiss in the state court. His motion there made no claim that plaintiffs' state law claims were preempted by ERISA.

If a case is removed from a state court, whether on the basis of "federal question," or of "diversity," or on some other

1

statutory basis, and the facts supporting federal removal jurisdiction appear on the face of plaintiffs' "well-pleaded complaint," it is a relatively simple task for the removing defendants to include the necessary jurisdictional elements in their notice of removal. But, when the removal is based not on what appears on the face of the complaint itself but on a concept of federal preemption of plaintiffs' claim, the removing defendants must themselves allege all of the necessary jurisdictional facts, because defendants seeking removal have the burden of proving federal removal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35 (1921); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). It is not an easy task to allege <u>each and every fact</u> necessary to demonstrate that a plaintiff's complaint actually "relates to" an ERISA plan when the complaint sounds like a garden variety fraud claim or a claim on an insurance policy. The concept of notice pleading is out the window. In this case, the court is not satisfied that the notice of removal contained all allegations necessary to demonstrate the existence of a qualified ERISA plan and that plaintiffs' claims "relate to" it. *See Hensley v. Philadelphia Life Ins. Co.*, 878 F. Supp. 1465 (N.D. Ala. 1995). From the papers attached to Guardian's notice of removal, the court is left with an ambiguity as to whether the insurance policies issued by Guardian and here involved are, in fact and law, part of an ERISA plan. To

2

accomplish a "preemption" removal under ERISA requires more than simply crying "ERISA."

Assuming, *arguendo,* that Guardian has shown that an employee benefit plan for the employees of plaintiff, Standard Fire Equipment Co., Inc. ("Standard"), qualifying under ERISA, exists, Guardian clearly has failed to show that the claims of two plaintiffs, namely, Standard, the employer, and Kenneth L. Stalnaker ("Stalnaker"), who owns 20% of Standard, actually "relate to" that plan in any meaningful sense or that the fraud claims of any one of the six plaintiffs against defendant Koplon are "related to" that plan.

Defendants have not responded to the recent motion filed by plaintiffs Standard and Stalnaker seeking a determination by this court that, <u>if</u> the other four plaintiffs are found to have present ERISA claims, these two do not. Standard is the employer of the individual plaintiffs, and Stalnaker has a substantial ownership in Standard. This court, being in agreement with the court in *Englehart v. Paul Revere Life Ins. Co.*, 951 F. Supp. 1003 (M.D. Ala. 1996), finds that neither Standard nor Stalnaker can be an ERISA beneficiary or participant. Thus, their severable claims are due to be remanded irrespective of those of the other plaintiffs, because ERISA preemption is not applicable to the claims of non-ERISA participants. Defendants even admit in their answers to the court's interrogatories that Standard and Stalnaker are themselves

<u>fiduciaries</u> and therefore not participants. A fiduciary cannot sue itself, even under the strange aegis of ERISA.

Also, by their responses to the court's interrogatories, all parties agree that Koplon is not an ERISA fiduciary. As noted, Koplon even filed a motion to dismiss the complaint before the removal, and he never even mentioned ERISA, much less "preemption." He was correct in not invoking ERISA preemption. He is simply charged in the complaint with misrepresenting one or more material facts, constituting fraud under the law of Alabama. If he did commit fraud against plaintiffs, or any of them, his fraud may be attributed to his principal, Guardian, under a theory of *respondeat superior* unless preempted. In that instance, the complaints of the plaintiffs, except Standard and Stalnaker may, as to Guardian, "relate to" an ERISA plan and, therefore, invoke the preemption possibility. But the claim against Koplon himself is a discrete claim against an individual who is neither an ERISA fiduciary or an ERISA entity. The fact that plaintiffs proceed under a *respondeat superior* theory against Guardian, using Koplon as the alleged agent, does not change this fact. This court agrees with the series of cases that make a distinction between the preemptive effect of ERISA as to state law claims against an ERISA fiduciary and such claims against a non-ERISA-fiduciary who, if found liable for a money judgment, will have to pay the judgment themselves. This latter type of action cannot affect or diminish the plan

itself or interfere with its administration.

Koplon argues that *Gendron v. Franklin Life Ins. Co.*, \_\_ F. Supp. \_\_, 1997 WL 655978 (M.D. Fla. 1997), is inapposite because the insurance agent there sued was an "independent" agent. This court does not find the fact that the agent in *Gendron* was "independent" crucial to the decision. The fact that <u>was</u> crucial in *Gendron* was that the agent's personal liability for his fraud did not upset the ability of the plan to respond to claims for benefits by participants. This view is echoed in *Morstein v. National Insurance Services, Inc.*, 93 F.3d 715, 722 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 769 (1997), in which the Eleventh Circuit said:

> The Fifth Circuit has found that Congress did not intend for ERISA preemption to extend to state law tort claims brought against an insurance agent. *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990). Such preemption, reasoned the Fifth Circuit, would "immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation." *Id.* We now adopt the rationale of the Fifth Circuit as stated in *Perkins* and <u>hold that when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA</u>. To the extent that any of our prior opinions differ from this holding, they should be deemed overruled.

The most recent expression by the Eleventh Circuit on ERISA preemption is found in *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024 (11th Cir. 1997), in which the Eleventh Circuit quoted from *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997), as follows: "To sum up, the jurisdictional issue

5

... turns on whether the plaintiffs are seeking relief that is available under 29 U.S.C. § 1132(a)." In the instant case, plaintiffs are not seeking relief that is available under 29 U.S.C. § 1132(a). Therefore, there is no preemptive strike.

This court incorporates by reference the memorandum opinion it entered in this case on August 20, 1997, and the cases therein cited, including *Alacare Home Health Services, Inc. v. The Prudential Ins. Co.*, 957 F. Supp. 208 (M.D. Ala. 1997). Notwithstanding Guardian's insistence that it is a plan fiduciary, when *Alacare* is applied to the instant facts, there is considerable doubt as to whether Guardian is what it claims to be. On the face of the removal papers, Guardian is contractually obligated only to pay benefits in accordance with the insurance policies it issued to a group. There are no papers attached to the notice of removal describing Guardian as an ERISA plan administrator or fiduciary with the power or obligation to exercise discretion in evaluating or processing claims under an employee benefit plan. The mere fact that Guardian sold several insurance policies simultaneously to persons employed by the same employer, including top management, does not create an ERISA plan or make the selling insurance company an ERISA fiduciary or a plan administrator.

Both Koplon and Guardian not only resist a remand, but they insist that they are entitled to their motions to dismiss. They would avail themselves of the so-called "super-duper" preemption

6

that not only allows an insurer to invoke federal jurisdiction and override plaintiffs' forum selection, but that also wipes out the claim of the allegedly defrauded participant, because, they say, an otherwise legitimate state law claim cannot be transmogrified into an ERISA claim. This question remains up-in-the-air.

Koplon's answers to the court's interrogatories agree that Koplon is not an ERISA "entity." In *QHG of Gadsden, Inc.*, the Eleventh Circuit picked up on Koplon's theme by noting "that the insurance agent ... [was] not [an] ERISA entit[y]." 127 F.3d at 1029. By accident, Koplon has invoked *QHG of Gadsden, Inc.* against himself. When the Eleventh Circuit in *Morstein* said, "Congress enacted ERISA to protect the interests of employees and other beneficiaries of employee benefit plans," and "to immunize insurance agents from personal liability from fraudulent misrepresentation regarding ERISA plans would not promote this objective," the Eleventh Circuit was describing precisely these plaintiffs' factual allegations. *Morstein*, 92 F.3d at 723 (citations omitted). Why should an insurance agent, whether independent or in-house, be personally immunized from his own fraudulent conduct when he sells a group policy, if he is not immunized when he sells an individual insurance policy? Unless Congress did not mean what it said when it stated its purposes for enacting ERISA, such a distinction makes no sense.

7

**Conclusion**

Even if this court were not going to remand the entire case because the removing defendants have failed to meet their burden of demonstrating the facts prerequisite to ERISA preemption, the court would, nevertheless, remand all plaintiffs' claims as against the separate defendant Koplon and would remand the actions of plaintiffs Standard and Stalnaker against both Guardian and Koplon.

A separate order of remand will be entered.

DONE this 19th day of December, 1997.

／s／ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE